UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| TYLER CLARKE,<br><br>Plaintiff,<br><br>v.<br><br>NORTHERN LIGHT HEALTH;<br>NORTHERN LIGHT EASTERN<br>MAINE MEDICAL CENTER;<br>and SECURITAS, SECURITY<br>SERVICES USA<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:26-cv-00141-SDN |

**ORDER**

On July 21, 2026, Defendants filed a Motion for Confidentiality Order, ECF No. 48, and a Proposed Order, ECF No. 48-1. Plaintiff filed an Opposition the following day. ECF No. 50. On August 10, 2026, Magistrate Judge Nivison granted Defendants' motion, finding a confidentiality order appropriate to "avoid discovery disputes and the attendant delay in the production of the information" because discovery "might include confidential and sensitive information regarding non-parties." ECF No. 53 at 2. Judge Nivison entered Defendants' proposed order the same day. ECF No. 54. On August 22, 2026, Plaintiff timely objected to the Confidentiality Order, ECF No. 57. Plaintiff also filed a Motion for Leave to Exceed the Ten-Page Limit under Local Rule 72(b)[1], ECF No. 56. The Court **DENIES** the motion because Plaintiff has not shown good cause for exceeding the limit.

[1] Plaintiff moves under "Rule 72(a)," which the court understands to be the District of Maine Local Rule 72(b), where "[a]n objection to a magistrate judge's order on a nondispositive matter may not exceed 10 pages." D. Me. Loc. R. 72(b).

Plaintiff's objection, ECF No. 57, is 13 pages long. The Court has considered the first ten pages and has not considered the remainder.

Now turning to Plaintiff's objection to the Confidentiality Order, Plaintiff does not indicate how Judge Nivison's Order is "clearly erroneous or is contrary to law" as Rule 72(a) requires. Fed. R. Civ. P. 72(a). In reviewing a decision by a magistrate judge under this standard, a district judge "must accept both the trier's findings of fact and the conclusions drawn therefrom unless, after scrutinizing the entire record, [the district judge] 'form[s] a strong, unyielding belief that a mistake has been made.'" *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999) (quoting *Cumpiano v. Banco Santander P.R.*, 902 F.2d 148, 152 (1st Cir.1990)). Under the "contrary to law" requirement, the district judge reviews pure questions of law de novo. *See PowerShare, Inc v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010). Mixed questions of law and fact invoke a sliding scale of review pursuant to which "[t]he more fact intensive the question, the more deferential the level of review (though never more deferential than the 'clear error' standard); the more law intensive the question, the less deferential the level of review." *In re IDC Clambakes, Inc.*, 727 F.3d 58, 64 (1st Cir. 2013).

Pretrial matters such as whether to issue a confidentiality order are exactly the type of fact-based determinations that are particularly suited for deference to a magistrate judge, and I find no basis here to overrule the Magistrate Judge's decision.

I therefore **Order** that Judge Nivison's Order Issuing a Confidentiality Order, ECF No. 54, is **AFFIRMED** and Plaintiff's Objection to that Order, ECF No. 57, is **OVERRULED**.

**SO ORDERED.**

Dated this 6th day of October, 2026.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**